UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION



| | | |
|---|---|---|
| SEC, et al. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 6:99-CV-1636-ORL-22C |
| | § | |
| BENJAMIN FRANKLIN COOK, | § | |
| et cet. | § | |
| | § | |

## RECEIVER'S MOTION TO DISMISS
## AND BRIEF IN SUPPORT

TO THE HONORABLE DISTRICT COURT JUDGE:

COMES NOW Lawrence Warfield, ("the "Receiver") appointed by the United States District Court for the Northern District of Texas (the "Texas Court"), and files this his Motion to Dismiss based on lack of jurisdiction and in support thereof, respectfully shows the court as follow:

I.

### BACKGROUND

1. This Motion is premised on Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Petition for Protective Order (the "Petition") filed by Diane Phillips ("Phillips") in this Court is facially deficient in that it asserts no basis for jurisdiction. Moreover, this court does not have subject matter jurisdiction over the lawsuit from which Phillips seeks protection. Finally, a United States District Court for the Northern District of Texas (the "Texas Court") has previously

**RECEIVER'S MOTION TO DISMISS** Page - 1
dpmdismiss.wpd

SCANNED

asserted exclusive jurisdiction over the matters presented to this court by Phillips.[1]

2. Consideration of this matter belongs in Texas and the Petition filed by Phillips is her attempt to avoid appearing in the Texas Court and complying with that court's orders. In response to an application filed by the Securities and Exchange Commission alleging fraudulent investment activities against Benjamin Franklin Cook and others, on March 16, 1999 the Texas Court entered an Order Appointing a Temporary Receiver (the "Receivership Order" a true and correct copy of which is attached to the Declaration of Kelly M. Crawford as Exhibit "1" and is incorporated herein by reference.). Pursuant to the Receivership Order, the Texas Court appointed the Receiver, and took **exclusive jurisdiction** and possession of each Defendants' assets in various forms. *See Receivership Order, I ¶ A.* Additionally, the Receivership Order directed all Defendants, Relief Defendants and **all persons in active concert or participation** with the Defendants or Relief Defendants who received actual notice of the Receivership Order to promptly deliver to the Receiver, all "Receivership Assets[2] in the possession or under the

---

[1] The style of the Texas Lawsuit is *Securities and Exchange Commission v. Benjamin Franklin Cook, individually and d/b/a Dennel Finance Limited, Gerald Lee Pate, Wayne McClaws, and Alan Clagg, Defendants, and FPC-1 Limited Partnership, Samuel Limited Partnership, Alliance Investment Corp., Cornerstone Management, L.L.C., International Busienss Consultats Ltd., Highlander Limited Partnership and C. Kelly Olsen, Relief Defendants;* Civil Action No. 3-99CV0571-R in the United States District Court for the Northern District of Texas.

[2] "Receivership Assets" is defined in the Order as all of defendants' assets, monies, securities and properties, real and personal, tangible, of whatever kind and description, and wherever situated; and all of relief defendants' assets, monies, securities and properties, real and personal, tangible and intangible, of whatever kind and description, and wherever situated that are traceable to or derived from the fraudulent conduct alleged in the Commission's Complaint. *Receivership Order at ¶ A.*

control of any one or more of them and ... promptly surrender all books and records of any kind pertaining or belonging to Defendants or Relief Defendants." *Receivership Order at 1 ¶ E.*

3. On May 27, 1999, the Receiver served a copy of the Receivership Order on Phillips after obtaining information indicating that Phillips is in possession of Receivership Assets consisting of jewelry and cash received from Benjamin Cook. *See Declaration of Lawrence Warfield, at ¶ 2 ("Warfield Dec.")* which is filed in support of this Motion and is incorporated herein by reference. Phillips acknowledged receipt of the Receiver's demands, but failed and refused to turn over the Receivership Assets. *Warfield Dec.,* ¶ 7.

4. In response to a petition filed by the Receiver, on November 6, 1999, the Texas Court entered an Order directing Phillips to turn over the Receivership Assets in her possession to the Receiver. ("Petition 13 Order"). A true and correct copy of the Petition 13 Order is attached to the Declaration of Kelly M. Crawford ("Crawford Dec.") as Exhibit "2" and is incorporated herein by reference. On November 13, 1999, counsel for the Receiver had the Petition 13 Order personally served on Phillips. *(Crawford Dec., ¶ 2).*

5. Phillips ignored Petition 13 Order, prompting the Receiver to file a Motion for Phillips to Show Cause Why She Should Not be Held in Contempt of Court, (the "Motion for Contempt"). The Motion for Contempt is pending before the Texas Court.

6. In response to the Motion for Contempt, Phillips filed the Petition in this Court, using the caption of the Texas lawsuit, but no case number. The Petition contains no allegations regarding subject matter jurisdiction, citizenship of the parties or the amount in controversy. Because of these facial defects alone, the Petition should be dismissed. Additionally, because the

Texas Court has exclusive jurisdiction over the Receivership Assets, because the Texas Court has personal jurisdiction over Phillips pursuant to statute, and because this matter is already pending in the Texas Court, this Court should dismiss the Petition.

II.

## ARGUMENT

It is beyond argument that federal courts are courts of limited jurisdiction. *McMaster v. United States*, 177 F.3d 936, 939 (11th Cir. 1999), *cert denied*, 120 S.Ct. 940, 68 USLW 3368 (U.S. Jan. 18, 2000). A party asserting a claim in a federal court bears the burden of establishing the existence of federal jurisdiction. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied*, 449 U.S. 953 (1980). In her Petition, Phillips failed to state any facts relevant to jurisdiction.

Jurisdiction may be challenged either "facially" or "factually". A facial attack requires the court to look at the complaint and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. *Garcia v. Copenhaver, Bell & Assoc.*, 104 F.3d 1256, 1260-61 (11th Cir. 1997); *Dall v. United States*, 42 F.Supp.2d 1275 (M.D. Fla. 1998). In this case, the pleading filed by Phillips contains no jurisdictional allegations, whatsoever. Therefore, the Petition is patently defective, and must be dismissed.

The Petition is factually defective also. A factual challenge to jurisdiction permits the court to consider matters outside of the pleadings, such as affidavits and testimony. *Garcia*, 104 F.3d at 1261; *Dall*, 42 F.Supp.2d at1279. If the factual attack does not implicate the merits of plaintiff's cause of action, the court is free to weigh the evidence without attaching any

presumptive truthfulness to the plaintiff's allegations. *Garcia*, 104 F.3d at 1261; *Dall*, F.Supp.2d at 1279. In this matter, even if Phillips had sufficiently alleged facts regarding the citizenship of the parties, which she has not, the matter in controversy does not exceed $75,000. Specifically, the Motion for Contempt and Petition 13 Order, from which Phillips seeks protection, direct Phillips to turn over $27,000 in cash and a diamond ring and gold bracelet. The aggregate value of these items does not exceed $75,000. *See Warfield Dec.*, ¶ 2. Accordingly, diversity jurisdiction is negated.

Finally, the Texas Court has assumed exclusive jurisdiction over this matter, the exercise of which should not be disturbed by this Court. *See Receivership Order*. The Texas Court has jurisdiction over Phillips, as the recipient of Receivership Assets, pursuant to 28 U.S.C. §754[3] and 15 U.S.C. § 78aa[4]. Moreover, the Texas Court has inherent jurisdiction to enforce its orders, regardless of where the offending person resides, *Waffenschmidt v. Mackay*, 763 F.2d 711, 7118-720 (5th Cir. 1985), and this Court should not interfere with the enforcement of those orders.

WHEREFORE, PREMISES CONSIDERED, the Receiver prays for an Order dismissing Diane Phillips' Petition for Protective Order with prejudice, and for such other and further relief to which he may show himself entitled.

---

[3] 28 U.S.C. § 754 extends the territorial jurisdiction of the Texas Court to the Middle and Southern Districts of Florida by virtue of the Receiver's compliance with the statute in filing a copy of the Receivership Order within 10 days of his appointment in those districts. *See Warfield Dec.*

[4] 15 U.S.C. § 78aa creates personal jurisdiction over Phillips in the Texas Court by extending service of process, and personal jurisdiction within the United States wherever "any act or transaction constituting the [securities] violation occurred." 15 U.S.C. § 78aa.

Respectfully submitted,

SCHEEF & STONE, LLP

By: _____
   Kelly M. Crawford
   Texas State Bar No. 05031700
1400 Sherry Lane Place
5959 Sherry Lane
Dallas, Texas 75225
Telephone (214) 696 - 3450
Telecopier (214) 696 - 0377

ATTORNEYS FOR RECEIVER
LAWRENCE WARFIELD

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 25th day of February, 2000, a copy of the foregoing document was served upon Diane Phillips, 1653 Bravo Drive, Clearwater, Florida 33764 pursuant to the Federal Rules of Civil Procedure.

_____